2190 mgp

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANNA BOTTIGLIERO, | ) | |
| Plaintiff, | ) | No.: 08 CV 3700 |
| vs. | ) | |
| | ) | Judge Castillo |
| VALUE CITY DEPARTMENT STORES, LLC, | ) | |
| | ) | Magistrate Judge Schenkier |
| Defendant. | ) | |

### ANSWER OF DEFENDANT VALUE CITY DEPARTMENT STORE, LLC TO COMPLAINT AT LAW AND AFFIRMATIVE DEFENSE

Now comes Defendant, VALUE CITY DEPARTMENT STORES, LLC, by and through its attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, and for its Answer and Affirmative Defense to Plaintiff's Complaint at Law, states as follows:

### COUNT I
*Negligence*

1. That on and prior to December 14, 2007, Defendant VALUE CITY owned, controlled and maintained the premises located at 8716 South Cicero Avenue, Oak Lawn, Cook County, Illinois 60453

**ANSWER:** Defendant admits only that it maintained the premises located at 8716 South Cicero Avenue, Oak Lawn, Cook County, Illinois 60453, at the time alleged, moves to strike all remaining allegations contained in Paragraph 1 to the extend they contain legal conclusions and not allegations of facts, and denies all remaining allegations contained in Paragraph 1.

2. That on and prior to December 14, 2007, Defendant VALUE CITY was a corporation duly organized and existing under the laws of the State of Illinois and authorized to do business in Illinois.

**ANSWER:** Defendant admits only that it was authorized to conduct business in Illinois at the time alleged, and denies all remaining allegations contained in paragraph 2.

3. That at the time and place aforesaid, Plaintiff was an invited guest of Defendant when Plaintiff slipped and fell on Defendant's premises.

**ANSWER:** Defendant lacks information sufficient to either admit or deny the allegations contained in paragraph 3, but demands strict proof thereof.

4. That, at all times herein complained of, the Plaintiff was in the exercise of due care and caution for her own safety.

**ANSWER:** Defendant denies the allegations contained in paragraph 4.

5. That, at the time and place aforesaid, and while the Plaintiff was lawfully walking in the premises of Defendant VALUE CITY, Plaintiff ANNA BOTTIGLIERO was caused to trip, stumble and fall due to the dangerous and unsafe condition of the center aisle in VALUE CITY Department Store located at 8716 South Cicero, Oak Lawn, Cook County, Illinois.

**ANSWER:** Defendant denies the allegations of paragraph 5.

6. That, prior to and at the time aforesaid, it was the duty of the Defendant VALUE CITY to own, operate, maintain and control said premises at 8716 South Cicero, Oak Lawn, Cook county, Illinois premises with reasonable care and caution so that those lawfully upon said center aisle and premises, including the Plaintiff herein, would not be injured, but, notwithstanding said duty, Defendant VALUE CITY was then and there guilty of one or more of the following wrongful acts and/or omissions:

2

- a. Carelessly and negligently failed to maintain the premises in a reasonably safe condition;

- b. Carelessly and negligently owned, operated, managed and controlled said premises;

- c. Carelessly and negligently failed to inspect the premises of any merchandise or other objects in the main aisle of the Value City Department store;

- d. Carelessly and negligently failed to warn Plaintiff of said unreasonably dangerous condition.

- e. Carelessly and negligently permitted merchandise and/or other objects in the aisles, forming a narrow aisle in which to enter the main aisle of said premises although the Defendant knew or should have known the same constituted a hazard and a danger to the life and limbs of people lawfully on the premises;

- f. Carelessly and negligently filed to make proper or any inspections of said aisles although Defendant knew or in the exercise of ordinary care should have known said premises should have been inspected;

- g. Otherwise carelessly and negligently owned, controlled and managed said aisles and premises.

**ANSWER:** Defendant admits only those duties as imposed by law and denies Plaintiff has accurately alleged any such duties, and denies all remaining allegations contained in paragraph 6, including subparagraphs 6(a) through 6(g), inclusive.

7. That as a direct and proximate result of one or more of the foregoing acts or omissions of Defendant VALUE CITY, the Defendant, its agents, servants, and employees, Plaintiff, ANNA BOTTIGLIERO, slipped and fell, and sustained injury to her head, body and limbs, all of which she suffered injuries of a personal and pecuniary nature; and, that Plaintiff, ANNA BOTTIGLIERO, has incurred and will in the future incur great medical expense in an effort to cure said injuries; and, that Plaintiff, ANNA BOTTIGLIERO, has suffered and will in the future suffer great pain and agony because of said injuries; and, that Plaintiff, ANNA BOTTIGLIERO, has been and will in the future be greatly disabled because of said injuries.

**ANSWER:** Defendant denies the allegations of paragraph 7.

WHEREFORE, the Defendant, VALUE CITY DEPARTMENT STORES, LLC, denies that the Plaintiff, ANNA BOTTIGLIERO, is entitled to judgment against defendant in an amount in excess of Fifty Thousand ($50,000) Dollars, or her costs of suit, or any other amount whatsoever, and prays that this Honorable Court strike and dismiss with prejudice Plaintiff's Complaint at Law, enters judgment in Defendant's favor and against Plaintiff on the remaining pleadings, and award Defendant its costs incurred in the defense of this suit.

DEFENDANT DEMANDS TRIAL BY JURY.

## COUNT II
*Personal Injury/Premises Liability Act*

1. That on and prior to December 14, 2007, Defendant VALUE CITY owned, controlled and maintained the premises located at 8716 South Cicero Avenue, Oak Lawn, Cook County, Illinois 60453.

**ANSWER:** Defendant admits only that it maintained the premises located at 8716 South Cicero Avenue, Oak Lawn, Cook County, Illinois 60453, at the time alleged, moves to strike all remaining allegations contained in Paragraph 1 to the extend they contain legal conclusions and not allegations of facts, and denies all remaining allegations contained in Paragraph 1.

2. That at the time and place aforesaid, Plaintiff was an invited guest of Defendant.

**ANSWER:** Defendant lacks information sufficient to either admit or deny the allegations of paragraph 2, but demands strict proof thereof.

3. That at the time and place aforesaid, Plaintiff slipped, tripped and fell over merchandise and other objects that were in the center aisle of the VALUE CITY

4

DEPARTMENT STORE located at 8716 South Cicero Avenue, Oak Lawn, Cook County, Illinois.

**ANSWER:** Defendant lacks information sufficient to either admit or deny the allegations of paragraph 3, but demands strict proof thereof.

4. That at the time and place aforesaid, the Defendant was in violation of the Premises Liability Act, 740 ILCS 130/1, in one or more of the following ways:

  a. Permitting an agent, servant, and/or employee of Defendant to leave merchandise and other objects in the main aisle of Value City Department Store when Defendant knew or reasonably should have known that guests would be walking in this area;

  b. Failed to know that the main aisle had merchandise and other objects on it would have caused an unreasonable risk of harm and failed to know that the same constituted a hazard and a danger to the life and limbs of people lawfully on the premises;

  c. Failed to make proper or any inspections of said aisle and surrounding premises, although Defendant knew or in the exercise of ordinary care should have known said premises should have been inspected.

**ANSWER:** Defendant denies all allegations contained in paragraph 4, including subparagraphs 4(a) through 4(c), inclusive.

5. That as a direct and proximate result of one or more of the foregoing violations of the Premises Liability Act by Defendant, Plaintiff suffered injuries of personal and pecuniary nature.

**ANSWER:** Defendant denies all allegations contained in paragraph 5.

WHEREFORE, the Defendant, VALUE CITY DEPARTMENT STORES, LLC, denies that the Plaintiff, ANNA BOTTIGLIERO, is entitled to judgment against defendant in an amount in excess of Fifty Thousand ($50,000) Dollars, or her costs of suit, or any other amount whatsoever, and prays that this Honorable Court strike and dismiss with prejudice Plaintiff's

Complaint at Law, enters judgment in Defendant's favor and against Plaintiff on the remaining pleadings, and award Defendant its costs incurred in the defense of this suit.

DEFENDANT DEMANDS TRIAL BY JURY.

### **AFFIRMATIVE DEFENSE**

Now comes Defendant, VALUE CITY DEPARTMENT STORES, LLC, by and through its attorneys, HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC, pleading in the alternative and without prejudice to its previous denials, states the following for its Affirmative Defense:

1. At the time and place alleged in Plaintiff's Complaint at Law, ANNA BOTTIGLIERO, owed a duty to exercise ordinary care for her own safety.

2. Notwithstanding the duty owed by her, Plaintiff, ANNA BOTTIGLIERO, was guilty of one or more of the following negligent acts and/or omissions:

   a. Negligently and carelessly failed to keep a proper lookout;

   b. Negligently and carelessly failed to avoid any alleged hazardous condition which existed on the premises;

   c. Negligently and carelessly failed to maintain control over herself while moving in the store;

   d. Negligently and carelessly failed to observe an open and obvious condition consisting of slippers and a three tier table in the main aisle of the store; and

   e. Was otherwise careless and negligent.

3. One or more of the foregoing acts and/or omissions of the Plaintiff, ANNA BOTTIGLIERO, was a proximate cause of any injuries sustained by Plaintiff.

4.   Any amount awarded to Plaintiff, ANNA BOTTIGLIERO, should be reduced by her contributory fault, up to a limit of 50%, unless her fault is found to be greater than 50%, in which case Plaintiff's action should be barred and judgment entered in favor of Defendant.

WHEREFORE, the Defendant, VALUE CITY DEPARTMENT STORES, LLC, prays that any amount awarded to Plaintiff be reduced by ANNA BOTTIGLIERO'S comparative fault, up to a limit of 50%, unless her fault is found to be greater than 50%, in which case her action should be barred and judgment entered in favor of Defendant.

DEFENDANT DEMANDS TRIAL BY JURY.

Respectfully submitted

/s/ Mark G. Poulakidas
Mark G. Poulakidas, ARDC #6230065
HAYNES, STUDNICKA, KAHAN, O'NEILL & MILLER, LLC
Attorneys for Defendant
200 West Adams Street, Suite 500
Chicago, Illinois 60606
312-676-7053
mpoulakidas@hskolaw.com